Bernardo PENA, Plaintiff-Appellant,

v.

Edward CHOO, Special Agent, Jose Nieves, William Cook, Lt. Krantz, Sgt. Scher, P.O. Ortiz, P.O. Castro, P.O. Morelli, Special Agent Kelly, Special Agent Lee, and Bronx Narcotic Police Department, Defendants,

Edward Choo, Special Agent, Special Agent Lee, and Agent Kelly, Defendants-Appellees.

No. 1263, Docket 87–2136.

United States Court of Appeals, Second Circuit.

Submitted June 11, 1987.

Decided June 12, 1987.

Published Aug. 3, 1987.

Bernardo Pena, N.Y., plaintiff-appellant pro se.

Rudolph W. Giuliani, U.S. Atty. for S.D. N.Y., New York City (Paula A. Sweeney, Asst. U.S. Atty., New York City, of counsel), for defendants-appellees.

Before VAN GRAAFEILAND, KEARSE, and MAHONEY, Circuit Judges.

PER CURIAM:

Plaintiff *pro se* Bernardo Pena appeals from a final judgment of the United States District Court for the Southern District of New York, entered after a bench trial before Gerard L. Goettel, *Judge,* dismissing his complaint brought under 42 U.S.C. § 1983 for damages as a result of his having been shot during his arrest by police officers. On appeal, Pena contends that the district court should have appointed counsel to represent him. Finding no abuse of the district court's discretion, we affirm the judgment.

■ A district court's decision not to "request an attorney to represent" an indigent civil plaintiff, 28 U.S.C. § 1915(d), may be reversed only for an abuse of discretion. *See Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir.1986); *Miller v. Pleas-*

*ure,* 296 F.2d 283, 284–85 (2d Cir.1961) (per curiam), *cert. denied,* 370 U.S. 964, 82, S.Ct. 1592, 8 L.Ed.2d 830 (1962). The court may deny plaintiff's motion that counsel be requested to serve if it concludes that plaintiff's chances of success are highly dubious, *id.* at 285, and the court may properly reach this conclusion even where plaintiff's assertions are sufficient to avert summary judgment, *Hodge v. Police Officers,* 802 F.2d at 60. In reaching this conclusion, the court may rely in part on an evaluation by a member of the bar that the claim has no merit. *See Miller v. Pleasure,* 296 F.2d at 284.

■ Here, the district court, notwithstanding its own view that Pena "ha[d] not demonstrated any merit to his claim so far," twice attempted to obtain counsel to represent Pena pro bono publico. Both attorneys declined to accept the assignment on the ground that their examination of the file indicated that the case had no merit, an assessment that is supported by the fact that Pena's factual assertions were insufficient to refute the contention that the officer had reasonably believed Pena was armed and posed a threat of serious physical harm. We conclude that the court did not abuse its discretion in declining to make further attempts to secure counsel for Pena.

We have considered all of Pena's arguments on this appeal and have found them to be without merit.

The judgment of the district court is affirmed.